IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS M. TEMPLE; | ) Civil Action No. 3:09-2655-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| WILLIE JOHNSON, CHIEF OF THE CITY OF GREENVILLE DEPARTMENT OF POLICE; JUDGE BRENDA S. BINNS; JUDGE RALPH PUTNAM; SERGEANT S. L. OWENS; SERGEANT A. L. THOMAS; DETECTIVE D. C. FULLER; DETECTIVE C. H. FLAVELL; OFFICER B. M. MANNING; OFFICER J. D. CHANDLER; OFFICER T. M. CONROY; TANIESHA NICOLE WILLIAMS; OFFICER J. M. CALHOUN, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, AND CITY OF GREENVILLE, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants, | ) |

Plaintiff filed this action on October 15, 2009.[1] Defendants Johnson, Binns, Putnam, Owens, Thomas, Fuller, Flavell, Manning, Chandler, Conroy, Calhoun, and City of Greenville (the "Greenville Defendants") filed a motion for summary judgment on March 9, 2010. Plaintiff, because he is proceeding pro se, was advised on March 10, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Greenville Defendants' motion for summary

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on July 26, 2010.[2]

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255(1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence

---

[2]In his response, Plaintiff states that he is unable to prepare an "opposition in response" because he is being held at the Oconee County Detention Center which has no law library or persons to assist him adequately. Plaintiff's response to the Greenville Defendant's motion for summary judgment was originally due on April 13, 2010. At Plaintiff's request, the deadline was extended to May 11, 2010. The Greenville Defendants provide that Plaintiff was not arrested until May 11, 2010. See Doc. 40. Thus, Plaintiff had ample time to respond to the motion for summary judgment prior to his detention. Additionally, the undersigned granted Plaintiff a further extension of time, until July 23, 2010, to respond and Plaintiff admits he had assistance (although the assistant did not have the legal training Plaintiff thought was necessary) and access to computer research.

tending to raise a material and genuine factual dispute.  See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

## DISCUSSION

Defendants Johnson, Owens, Thomas, Fuller, Flavell, Manning, Chandler, and Conroy are or were employees of the City of Greenville Department of Police.  Plaintiff was arrested June 28, 2006 on charges of assault and battery of a high and aggravated nature, first degree criminal sexual conduct, and kidnaping.  The City of Greenville Department of Police received a report from Williams that she was attacked and raped by Plaintiff (who was her roommate at the time).  Officers Manning and Chandler observed a vehicle matching the description of Plaintiff's vehicle given by Williams.  They conducted a traffic stop, obtained Plaintiff's written consent to search his vehicle, and read him his rights.  Plaintiff accompanied the officers to the Law Enforcement Center.

Fuller submitted an affidavit to Judge Putnam, who issued a search warrant to allow Greenville Police Officers to search Plaintiff's residence and seize evidence indicative of a sexual assault or struggle.  Plaintiff, after being advised of his rights, was interviewed by Flavell.  Plaintiff denied having sex in the apartment or hitting Williams.  He requested an attorney, at which time the interview was stopped.  Investigation revealed a portion of a condom wrapper and suspicious stains on the bedspread at Plaintiff's apartment.

Flavell submitted an affidavit to Judge Binns who issued arrest warrants for Plaintiff. Plaintiff was arrested and taken into custody.  Williams met with police officers and gave another

3

written statement confirming the information she gave to police earlier.[3] In a jury trial in the Court of Common Pleas for Greenville County on October 9, 2007, Plaintiff was acquitted on all charges. See Flavell Aff. and Exhibits (including incident reports, victim statements, search warrant and affidavit, Plaintiff's waiver of rights, Plaintiff's consent to search his car, and arrest warrants).

Plaintiff appears to allege that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated based on the search of his apartment, his arrest, and his detention. The Greenville Defendants contend that they are entitled to summary judgment because: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Plaintiff fails to establish a genuine issue of material fact regarding the probable cause for the arrest complained; (3) Plaintiff's complaint should be dismissed because the matters asserted by Plaintiff do not fall within the scope of 42 U.S.C. § 1983; (4) the Greenville Defendants are entitled to qualified immunity; (5) Defendants Putnam and Binns are entitled to judicial immunity; (6) Plaintiff's claim is barred by the applicable statute of limitations; (7) the City of Greenville, its police department, Johnson, Owens, and Thomas should be dismissed pursuant to the doctrine of respondeat superior; and (8) to the extent Plaintiff has alleged any state law claims, they should be dismissed as a matter of law pursuant to the South Carolina Tort Claims Act ("SCTCA").

1. Search/Arrest/Detention

Plaintiff appears to allege that his constitutional rights were violated based on the search of his apartment, his arrest, and his subsequent detention. The Greenville Defendants contend

---

[3] The record contains one handwritten statement dated June 28, 2006 signed by Williams and one typed statement dated June 29, 2006 signed by Williams. Flavell Aff., Ex. A.

that Plaintiff fails to establish a claim under § 1983 because there was probable cause for their actions.

Claims concerning Plaintiff's arrest, detention, and the search of his residence are analyzed under the Fourth Amendment. See Albright v. Oliver, 510 U.S. 266, 273 (1994), Graham v. Connor, 490 U.S. 386, 395 (1989); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002)(recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001)(claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

The Fourth Amendment preserves the right of citizens "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, to satisfy the Fourth Amendment's reasonableness requirement, a search or seizure must be "accomplished pursuant to a judicial warrant issued upon probable cause." Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 619 (1989). The Fourth Amendment prohibits general and open-ended search warrants and requires that a search warrant particularly describe both the place to be searched and the persons or things to be seized. See Dalia v. United States, 441 U.S. 238, 255 (1979).

To satisfy the warrant requirement, an impartial judicial officer must assess whether the police have probable cause to conduct a search or to seize evidence. See Warden v. Hayden, 387 U.S. 294, 301-02 (1967). The magistrate must consider the facts and circumstances in a practical, common sense manner and make an independent assessment regarding probable cause. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause is defined as "a fair probability that contraband

or evidence of a crime will be found in a particular place." Id. at 238. Probable cause exists when "there are reasonably trustworthy facts which, given the totality of circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of the crime and will be present at the time and place of the search." United States v. Suarez, 906 F.2d 977, 984 (4th Cir. 1990).

Plaintiff has not shown lack of probable cause for the search warrant. The alleged victim told Defendant Fuller that Plaintiff had forcibly confined her to the bedroom of his apartment, had sexual intercourse with her without her consent, and used his hand to hold her from leaving. Flavell Aff., Ex. A (Fuller Search Warrant Aff.)

Plaintiff claims that Defendant Fuller "exercised deliberate indifference and intentional neglect[]" by submitting a search warrant application that contained false statements. A facially valid search warrant will be found to violate the Fourth Amendment if it contains false or misleading statements that are "necessary to the finding of probable cause." Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir.1994), cert. denied, 513 U.S. 1151 (1995)(quoting Franks v. Delaware, 438 U.S. 154, 156 (1978)). The party challenging the warrant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks at 156. Plaintiff, who has only asserted his own belief that the search warrant contained false statements, has not made such a showing.

Plaintiff also fails to show that his constitutional rights were violated by his arrest. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir.1996) (when arresting official makes the arrest with

a facially valid warrant it is not false arrest). In Baker v. McCollan, 443 U.S. 137, 143-44 (1979), the United States Supreme Court determined that the issuance of a facially valid warrant by a magistrate satisfies the probable cause standard. An officer who makes an arrest pursuant to warrant is entitled to qualified immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-345 (1986).[4]

2. Statute of Limitations

The Greenville Defendants contend that Plaintiff's claims are barred by the applicable statute of limitations. State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. See S.C. Code Ann. § 15-3-530. A cause of action which is subject to the SCTCA must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110.

---

[4]A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test. See Illinois v. Gates, 462 U.S. at 238. Probable cause exists when the facts and circumstances within an officer's knowledge are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964).

Here, the facts and circumstances within Defendant Flavell's knowledge were sufficient to warrant a prudent man in believing that Plaintiff had committed an offense. Flavell had probable cause to arrest Plaintiff based on the statement given by Williams, Williams' visible injuries, and the investigation of Plaintiff's apartment.

7

Plaintiff's claims arose on the date he was arrested (June 28, 2006). See Wallace v. Kato, 549 U.S. 384, 397 (2007)("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). He did not file this action until October 15, 2009.[5] Thus, under either the general three year or the SCTCA (two year) statutes of limitations, Plaintiff filed this action after the limitation period expired.

   3.   Judicial Immunity

Defendants Binns and Putnam contend that they are entitled to judicial immunity. Putnam, a municipal judge for the City of Greenville, signed the search warrant applicable to Plaintiff's apartment. Binns, also a municipal judge for the City of Greenville, signed Plaintiff's arrest warrants.

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Plaintiff claims that these Defendants acted with "deliberate indifference and intentional." Such allegations are insufficient to overcome judicial immunity. Unless Plaintiff can show that these actions occurred "in clear absence of all jurisdiction" (which Plaintiff has not shown), Defendants Binns and Putnam are absolutely immune from liability for monetary damages, even if his or her

---

[5]Assuming that the date Plaintiff signed his complaint (October 7, 2009 - Doc. 1 at 5 and 22) is the earliest date it could have been properly delivered to prison officials for mailing to the court (see Houston v. Lack, 487 U.S. 266 (1988)), Plaintiff still filed this action after the applicable limitation period(s) expired.

actions were done in error, maliciously, or in excess of his or her authority. See Stump v. Sparkman, 435 U.S. 349, 356 (1978).

    4.    Mental Anguish

Plaintiff alleges a claim for emotional distress. To the extent that he is asserting a claim under § 1983 for emotional injuries as a result of his arrest, his claim fails. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[6]

42 U.S.C. § 1997e(e).[7]

---

[6] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

[7] Plaintiff appears to allege that while awaiting trial he was "ganged" by two detainees, causing him physical injuries. He has, however, not alleged that the Greenville Defendants were in charge of the detention center or that they personally failed to protect him. Further, he has not shown that Greenville Defendants knew of a substantial risk of serious harm and consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff also claims that he lost his apartment, furniture, vehicle, and job as a result of his arrest. He has not, however, alleged that the Greenville Defendants actually took any of his property.

5. <u>Supervisory Liability/Municipal Liability</u>

Defendants Johnson, Owens, and Thomas contend that they cannot be held liable on a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Fisher v. Washington Metro Area Transit Auth.</u>, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984), <u>cert.</u> <u>denied</u>, <u>Reed v. Slakan</u>, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendants Johnson, Thomas, or Owens were personally responsible for any of the incidents or acted in any way other than a supervisory role. Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of the actions or inactions of the Greenville Defendants. Thus, Plaintiff fails to show that Defendants Johnson, Owens and/or Thomas are liable on a theory of respondeat superior or supervisory liability.

City of Greenville contends that it cannot be held liable because Plaintiff has not identified a municipal policy or custom that caused his injury. Municipal liability is based on execution of a governmental policy or custom. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978). A municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. <u>Board of County Comm'rs v. Brown</u>, 520 U.S. 397 (1997). Plaintiff fails to identify a policy or custom of

the City of Greenville which caused his federal rights to be violated, thus he fails to state a claim against this Defendant.

      6.     <u>Qualified Immunity</u>

The individual Greenville Defendants contend that they are entitled to qualified immunity. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Id.</u> at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), <u>cert. denied</u>, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that the Greenville Defendants violated any of his clearly established constitutional or statutory rights. Therefore, the individual Greenville Defendants are entitled to qualified immunity in their individual capacities.

7. State Law Claims

It is unclear whether Plaintiff is asserting claims under South Carolina law. The Greenville Defendants contend that to the extent that any state law claims have been asserted they should be dismissed pursuant to the SCTCA. As Plaintiff fails to show that the Greenville Defendants violated his rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

8. Defendant Williams

Defendant Williams has not filed an answer in this action. Plaintiff alleges that Williams falsely accused him of hitting and raping her. It is recommended that Defendant Williams be dismissed sua sponte because Plaintiff fails to show that she is a state actor under § 1983. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant acting under color of law. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual. Id. at 152. Here, the plaintiff cannot show that there was a concerted effort between the Greenville Defendants and Williams. Additionally, to the extent that Plaintiff attempts to assert any state law claims against Williams, it is recommended that any state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on review of the record, it is recommended that the Greenville County Defendants' motion for summary judgment (Doc. 30) be granted. It is also recommended that Defendant Williams be dismissed sua sponte.

                Joseph R. McCrorey
                United States Magistrate Judge

November 8, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).