IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis M. Temple, | ) |
|         Plaintiff, | ) C/A No. 3:09-2655-MBS |
| vs. | ) |
| | ) **O R D E R** |
| Willie Johnson, Chief of the City of Greenville Department of Police; Judge Brenda S. Binns; Judge Ralph Putnam; Sergeant S.L. Owens; Sergeant A.L. Thomas; Detective D.C. Fuller; Detective C.H. Flavell; Officer B.M. Manning; Officer J.D. Chandler; Officer T.M. Conroy; Taniesha Nicole Williams; Officer J.M. Calhoun, all in their individual and official capacities, and City of Greenville, | ) |
|         Defendants. | ) |

On or about June 28, 2006, Plaintiff Dennis M. Temple allegedly sexually assaulted Defendant Taniesha Nicole Williams. Plaintiff was arrested and charged with criminal sexual conduct, first degree; kidnaping; and assault and battery of a high and aggravated nature. Plaintiff, proceeding pro se, filed a complaint on October 15, 2009, alleging that his constitutional rights were violated with respect to his arrest. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On March 9, 2009, Defendants Binns, Calhoun, Chandler, Conroy, Flavell, Fuller, Greenville City,[1] Johnson,

---

[1] Plaintiff erroneously named as a party in the complaint a nonexistent entity, "County of Greenville Department of Police." The Magistrate Judge allowed Defendants to amend the caption to substitute the City of Greenville for Greenville County. See Entry 42.

Manning, Owens, Putnam, and Thomas filed a motion for summary judgment. On March 10, 2010, an order was pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the consequences of failing to respond adequately. Plaintiff filed no substantive response. See Entry 45.

On November 8, 2010, the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted and that the sole remaining Defendant, Williams, be dismissed sua sponte on the grounds that she is not a state actor for purposes of § 1983. Plaintiff filed no response in opposition to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants motion for summary judgment (Entry 30) is **granted**. Defendant Williams is dismissed sua sponte. The court declines to exercise

jurisdiction over any state law claims asserted by Plaintiff.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 9, 2010.

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**